IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEANNIE DUVALL,<br><br>                Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>                Defendant. | Case No. 3:22-cv-00068-JMK<br><br>**ORDER DENYING<br>MOTION TO DISMISS** |

Before the Court at Docket 8 is Defendant Portfolio Recovery Associates, LLC's Motion to Dismiss (the "motion"). Plaintiff Jeannie Duvall responded in opposition at Docket 10, to which Defendant replied at Docket 11. For the reasons stated below, the motion is DENIED.

## I. BACKGROUND[1]

Portfolio Recovery Associates, LLC ("PRA") is one of the largest debt collectors in the United States. On or about August 20, 2019, PRA filed a collection action against Ms. Duvall in Alaska Superior Court ("Superior Court") to collect an unpaid credit

---

[1] The parties do not appear to dispute the facts of this case. *See* Docket 8 at 3–4; Docket 10 at 3–5. Regardless, for the purposes of this motion, the Court presumes Ms. Duvall's allegations to be true, *see infra* at 3–4.

card debt.[2] On December 7, 2021, the Superior Court found Ms. Duvall liable to PRA for the debt's principal amount of $1,699.[3] PRA then moved to recover litigation costs under Alaska Rule of Civil Procedure 79. PRA filed a Cost Bill totaling $7,532.10.[4]

Ms. Duvall contested the Cost Bill and requested documentation of the specific costs claimed by PRA.[5] Before producing the documentation, PRA filed an Amended Cost Bill for $6,272.85, along with a Notice of Errata stating that the original Cost Bill included over $1,200 in costs attributable to another case.[6] Ms. Duvall asserted that the Amended Cost Bill still included over $2,300 in transcript costs attributable to yet another case.[7] Ultimately, the Superior Court awarded PRA $3,569.10 in costs, "less than 60% of the amount claimed in PRA's Amended Cost Bill."[8]

On March 25, 2022, Plaintiff filed her Complaint before this Court alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"). First, Ms. Duvall alleges that PRA violated 15 U.S.C. § 1692f(1) by attempting to collect litigation costs that were unauthorized by law or contract.[9] Second, Ms. Duvall alleges that PRA falsely represented the amount of costs in violation of 15 U.S.C. § 1692e(2) and (10).[10]

---

[2] Docket 1 ¶ 7.
[3] *Id.* ¶ 9.
[4] *Id.* ¶ 10.
[5] *Id.* ¶ 11.
[6] *Id.* ¶ 12.
[7] *Id.* ¶ 13.
[8] *Id.* ¶ 14.
[9] *Id.* ¶ 19.
[10] *Id.* ¶ 20.

Duvall v. Portfolio Recovery Associates, LLC  Case No. 3:22-cv-00068-JMK
Order Denying Motion to Dismiss  Page 2
Case 3:22-cv-00068-JMK   Document 12   Filed 12/13/22   Page 2 of 14

PRA now moves to dismiss Ms. Duvall's Complaint for both lack of subject matter jurisdiction and failure to state a claim.[11] In doing so, PRA asks this Court to take judicial notice of the filings in the underlying debt collection action in Superior Court.[12]

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

PRA first moves to dismiss Ms. Duvall's claim for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."[13] As such, the party asserting subject matter jurisdiction has the burden of proving its existence.[14]

A jurisdictional attack under Rule 12(b)(1) may be facial or factual. A facial attack accepts the plaintiff's allegations as true but asserts that they are legally insufficient to invoke jurisdiction.[15] A factual attack contests the truth of the plaintiff's allegations, and accordingly, the defendant may introduce evidence outside the pleadings.[16] The court no longer presumes plaintiff's allegations to be true, and the plaintiff must support her jurisdictional allegations with "competent proof."[17]

---

[11] Docket 8 at 4–11.
[12] *See generally* Docket 9.
[13] *A–Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (quotation omitted).
[14] *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017); *Laborers' Int'l Union of N. Am., Loc. 341 v. Main Building Maint., Inc.*, 435 F. Supp. 3d 995, 999 (D. Alaska 2020).
[15] *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).
[16] *Id.*
[17] *Id.* (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010)).

*Duvall v. Portfolio Recovery Associates, LLC*　　　　　　　　　　　　　　Case No. 3:22-cv-00068-JMK
Order Denying Motion to Dismiss　　　　　　　　　　　　　　　　　　　　　　　Page 3
Case 3:22-cv-00068-JMK　　Document 12　　Filed 12/13/22　　Page 3 of 14

"When faced with a challenge to its subject matter jurisdiction under Rule 12(b)(1), the court must resolve that issue before determining whether the complaint states a claim under Rule 12(b)(6)."[18]

## B. Federal Rule of Civil Procedure 12(b)(6)

If the Court finds that subject matter jurisdiction exists, PRA argues that Ms. Duvall's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. To survive dismissal under Rule 12(b)(6), a complaint must contain enough facts that, if taken as true, would state a legal claim to relief that is "plausible on its face."[19] The court assumes that the facts alleged in the complaint are true and construes them in the light most favorable to the plaintiff.[20] However, conclusory statements, unwarranted inferences, and naked assertions of law will not suffice; the claim "must be supported by factual allegations" to survive a motion to dismiss.[21]

Overall, dismissal for failure to state a claim is proper "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle [her] to relief."[22] A court may dismiss a case based on an affirmative defense "only if the defendant shows some obvious bar to securing relief on the face of the complaint."[23] In

---

[18] *Laborers' Int'l Union*, 435 F. Supp. 3d at 999 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).
[19] *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[20] *Id.* (quoting *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012)).
[21] *Ashcroft*, 556 U.S. at 679.
[22] *Laborers' Int'l Union*, 435 F. Supp. 3d at 1000 (quoting *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 923 (9th Cir. 2001)).
[23] *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

that situation, a motion to dismiss will be granted only when the affirmative defense "raises no disputed issues of fact."[24]

## III. DISCUSSION

As a preliminary matter, the Court takes limited judicial notice of the relevant Superior Court documents.[25] Judicial notice is appropriate for facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."[26] This can include matters of public record, such as court documents.[27] Because the state court documents at issue here are not subject to reasonable dispute, the Court takes judicial notice of the existence of the parties' filings and the Superior Court's cost award.[28] However, judicial notice does not extend to any factual statements in the parties' filings or findings of fact in the Superior Court's order.[29]

Turning to the merits, PRA urges the Court to dismiss this action because (1) it is a de facto appeal from a state court judgment and thus barred by the *Rooker-Feldman* abstention doctrine; (2) the Superior Court's judgment precludes successive

---

[24] *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).
[25] *See generally* Docket 9 at 1–2 (requesting judicial notice of PRA's Cost Bill, PRA's Notice of Errata to Cost Bill, Ms. Duvall's Cost Bill Objections, PRA's Reply in Support of its Amended Cost Bill, and Judge Guidi's Order Granting Costs to PRA). PRA's request for judicial notice appears to be unopposed.
[26] Fed. R. Evid. 201(b)(2).
[27] *See Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001).
[28] *See United States v. Chaplin*, Case No. 3:19-cr-00121-SLG, 2021 WL 149677, at *1 (D. Alaska Jan. 15, 2021) (taking judicial notice of the fact of state court records).
[29] *See id.*; *Lee*, 250 F.3d at 690 ("On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.") (internal quotation omitted).

*Duvall v. Portfolio Recovery Associates, LLC*  Case No. 3:22-cv-00068-JMK
Order Denying Motion to Dismiss  Page 5
Case 3:22-cv-00068-JMK   Document 12   Filed 12/13/22   Page 5 of 14

litigation on this issue; and (3) the filing of a post-judgment cost bill is not "an attempt to collect a debt" within the meaning of the FDCPA. The Court rejects each of these arguments in turn.

A. **The Rooker-Feldman Abstention Doctrine Does Not Apply to Ms. Duvall's Claims Because She Does Not Allege a Legal Error by the Superior Court and Does Not Seek Relief From Its Judgment**

The *Rooker-Feldman* doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."[30] A de facto appeal occurs when "the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment."[31] As the Supreme Court explains, the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments."[32] This doctrine is a narrow exception to the Court's jurisdiction, and it is increasingly disfavored by federal courts.[33]

The *Rooker-Feldman* doctrine simply does not apply to this case. Ms. Duvall's Complaint is not a de facto appeal of a state court judgment, as she neither asserts a legal injury by the Superior Court nor seeks relief from its judgment.[34] In fact,

---

[30] *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).
[31] *Id.* at 1140 (emphasis in original).
[32] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).
[33] *See, e.g., id.* at 293–94 (cabining *Rooker-Feldman's* application and stating that the "disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law."); *Vanderkodde v. Mary Jane M. Elliot, P.C.*, 951 F.3d 397, 405–09 (6th Cir. 2020) (Sutton, J., concurring).
[34] *See* Docket 1 at 5 (requesting damages under the FDCPA); *also Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) ("[W]e cannot simply compare the *issues* involved in the state-

*Duvall v. Portfolio Recovery Associates, LLC*             Case No. 3:22-cv-00068-JMK
Order Denying Motion to Dismiss                            Page 6
Case 3:22-cv-00068-JMK    Document 12    Filed 12/13/22    Page 6 of 14

Ms. Duvall explicitly *agrees* with the Superior Court's order granting PRA $3,569.10 in litigation costs.[35] In the instant action, Ms. Duvall alleges that PRA's conduct before the Superior Court—namely, including erroneous amounts in its original Cost Bill and Amended Cost Bill—violated the FDCPA. This claim does not require this Court to interrogate the Superior Court's rationale or invalidate its final cost award.[36] Similar FDCPA claims are often brought in federal district courts, which routinely find that the *Rooker-Feldman* doctrine is not triggered.[37]

PRA argues that the Complaint is a de facto appeal of the Superior Court's cost award because Ms. Duvall's FDCPA claims are "inextricably intertwined" with the state court decision.[38] This is a subtle but crucial misunderstanding of the *Rooker-Feldman* doctrine. In the Ninth Circuit, courts decline to exercise jurisdiction over issues that are "inextricably intertwined" with the state court decision only when the plaintiff's complaint is a de facto appeal from that judgment.[39] Federal courts do not abstain whenever a federal

---

court proceeding to those raised in the federal-court plaintiff's complaint . . . [r]ather, under *Rooker-Feldman*, we must pay close attention to the *relief* sought by the federal-court plaintiff.") (internal quotation omitted) (emphasis in original).

[35] Docket 10 at 2, 5, 12.
[36] *See Kourgasian*, 359 F.3d at 1140 (allegations of extrinsic fraud committed by adverse party on the state court was not a de facto appeal because it was not an error by the state court).
[37] *See, e.g.,. Parker v. Peters & Freedman, LLP*, No. 8:17-cv-00667-JLS-DFM, 2018 WL 590416, at *3 (C.D. Cal. Apr. 9, 2018) (finding that FDCPA claim alleging time-barred complaint in state court was not barred by *Rooker-Feldman*); *Maronyan v. Fin. Credit Network, Inc.*, No. 2:15-cv-02953-SVW-AGR, 2017 WL 57835, at *5 (C.D. Cal. Jan. 3, 2017) (finding that FDCPA claim alleging misrepresentation of attorney's fees in state court complaint was not barred by *Rooker-Feldman*); *Riding v. Cach LLC*, 992 F. Supp. 2d 987, 994–95 (C.D. Cal. 2014) (finding that FDCPA claims alleging improper collection methods were not barred by *Rooker-Feldman*).
[38] Docket 8 at 5 (quoting *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008)).
[39] *See Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003) ("Only when there is already a forbidden de facto appeal in federal court does the 'inextricably intertwined' test come into play:

claim presents similar issues to those raised in state court.[40] Although PRA seems to understand that *Rooker-Feldman* abstention only applies when a plaintiff, in effect, "seeks to set aside a state court judgment,"[41] it does not explain how adjudication of Ms. Duvall's FDCPA claims would "undercut the state ruling or require the district court to interpret the [state court's] application of state laws or procedural rules."[42]

In sum, Ms. Duvall's Complaint does not require "improper federal review"[43] of the Superior Court's judgment when Ms. Duvall explicitly agrees that the judgment is correct and not at issue in this case.[44] The Court retains jurisdiction over her claim.

---

Once a federal plaintiff seeks to bring a forbidden de facto appeal, as in *Feldman*, that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden de facto appeal is brought."); *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) ("The 'inextricably intertwined' language from *Feldman* is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the *Rooker–Feldman* analysis. Should the action *not* contain a forbidden de facto appeal, the *Rooker–Feldman* inquiry ends.") (internal citation omitted); *Ismail v. Cnty. of Orange*, 693 F. App'x 507, 510 (9th Cir. 2017) (applying the "inextricably intertwined" test only after the court found a de facto appeal under *Kourgasian*).

[40] *Kourgasian*, 359 F.3d at 1142–43 ("But the 'inextricably intertwined' test does not mean that a federal plaintiff can never raise issues that are 'inextricably intertwined' with issues already decided in completed state court litigation. If that were so, *Rooker-Feldman* would in some cases give greater preclusive effect to state court judgments than the states themselves would give those judgments.").

[41] Docket 11 at 2 (quoting *Kourgasian*, 359 F.3d at 1141).

[42] *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). Contrary to PRA's assertion, *Reusser* does stand for a blanket prohibition on federal courts applying state procedural rules. *See* Docket 8 at 5–6 (citing *id.*). In *Reusser*, plaintiff's claim was barred because it required the district court to review and possibly reject the state court's application of state court rules—not simply because a federal court would have interpreted those rules. 525 F.3d at 860.

[43] Docket 8 at 5.

[44] *See Bell*, 709 F.3d at 897 ("Without a direct challenge to a state court's factual or legal conclusion, Plaintiffs' suit is not a forbidden de facto appeal, and *Rooker-Feldman* is inapplicable.").

*Duvall v. Portfolio Recovery Associates, LLC*  Case No. 3:22-cv-00068-JMK
Order Denying Motion to Dismiss  Page 8
Case 3:22-cv-00068-JMK   Document 12   Filed 12/13/22   Page 8 of 14

## B. The Superior Court's Judgment Does Not Preclude Ms. Duvall's Claim Because the Issue of Whether PRA Violated the FDCPA Has Not Been Litigated

PRA next argues that Ms. Duvall's claim is barred by issue preclusion.[45] Issue preclusion, or collateral estoppel, prevents a party from relitigating any legal or factual issue that has been raised and resolved by a prior judgment.[46] Here, the Superior Court's cost award likely has preclusive effect on which litigation costs in the underlying debt collection suit were recoverable under Alaska law.[47] But even if this Court is bound by the Superior Court's judgment on that issue, that does not warrant dismissal of Ms. Duvall's FDCPA entire claim. In fact, the opposite is true.

In the Superior Court filings, Ms. Duvall objected to more than $3,000 of costs included in PRA's Amended Cost Bill, and as a sanction she requested that the court deny PRA's motion for costs in its entirety.[48] The Superior Court granted PRA's motion for costs in part, ultimately awarding $3,569.10 after PRA conceded that its Amended Cost Bill erroneously included $2,703.75 in transcript fees.[49] This amount, however, does appear to include $399.60 in deposition costs that Ms. Duvall had contested.[50] Assuming,

---

[45] Docket 8 at 6–7. The Court notes that res judicata and estoppel are affirmative defenses. *See* Fed. R. Civ. P. 8(c). Ordinarily, the proper way to dismiss an action based on an affirmative defense is to answer and then move for judgment on the pleadings under Rule 12(c). However, the Court may dismiss an action under Rule 12(b)(6) based on an affirmative defense if that defense is both obvious in the complaint and does not depend on evidence outside the pleadings. *See ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

[46] *Allen v. McCurry*, 449 U.S. 90, 94–95 (1980).

[47] Issue preclusion is decided under the law of the state in which the judgment was entered. *Ross v. Alaska*, 189 F.3d 1107, 1110–11 (9th Cir. 1999). Whether the cost award has a preclusive effect is unnecessary to the Court's analysis, as such, it declines to rule on that issue.

[48] Docket 9-3 at 2.

[49] Docket 9-5 at 3.

[50] *Compare id. with* Docket 9-3 at 2–3.

*arguendo*, that the Superior Court's cost award has a preclusive effect, this prevents argument from either party on which costs are allowed under Alaska Rule of Civil Procedure 79: PRA cannot argue that its transcript fees are recoverable, and Ms. Duvall cannot argue that the deposition costs are not recoverable.[51] But this certainly does not warrant dismissal of Ms. Duvall's Complaint. Rather, preclusion would support her claim by stripping PRA of argument that its stated costs were, in fact, permitted by law.

More importantly, the key legal issue raised by Ms. Duvall's Complaint is entirely new. Ms. Duvall asks this Court to decide whether PRA violated the FDCPA by including costs in its original and Amended Cost Bill that were not authorized by law. PRA's liability under the FDCPA has never been litigated and is not foreclosed by the Superior Court's judgment, despite PRA's assertion that "[t]he issues raised by Duvall in this action are identical to those litigated in [the Superior Court action]."[52] That issue simply was not before the Superior Court; therefore, Ms. Duvall's FDCPA claim is not barred by issue preclusion.

## C. Ms. Duvall Has Stated a Claim for Relief Under the FDCPA

Lastly, PRA asks the Court to dismiss the Complaint for failure to state a cognizable claim under the FDCPA. In broad strokes, PRA argues that filing a cost bill does not trigger the FDCPA's protections. PRA states that its alleged misrepresentations of litigation costs were not an "attempt to collect a debt" because the false statements were

---

[51] As discussed, neither party appears to disagree with the Superior Court's ruling.
[52] Docket 8 at 7.

*Duvall v. Portfolio Recovery Associates, LLC*  Case No. 3:22-cv-00068-JMK
Order Denying Motion to Dismiss  Page 10
Case 3:22-cv-00068-JMK   Document 12   Filed 12/13/22   Page 10 of 14

"unrelated to Duvall's liability for her Account."[53] PRA also posits that the FDCPA is not implicated when a debtor is "protected by the court system and its officers."[54] These arguments are refuted by both the statute's plain language and binding Ninth Circuit and Supreme Court precedent.

Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."[55] Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt," including "[t]he collection of any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."[56] Section 1692e prohibits the false representation of "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt."[57] The FDCPA plainly contemplates attempts to collect costs or expenses beyond the principal account liability.[58] Here, PRA's

---

[53] *Id.* at 8.
[54] *Id.* at 10.
[55] 15 U.S.C. § 1692(e).
[56] 15 U.S.C. § 1692f(1).
[57] 15 U.S.C. § 1692e(2)(B).
[58] *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 949–50 (9th Cir. 2011) (pursuit of unauthorized attorney's fees in a collection suit violated both § 1692f(1) and § 1692e(2) of FDCPA); *Reichert v. Nat'l Credit Sys., Inc.,* 531 F.3d, 1002, 1006–07 (imposition of an unlawful charge for attorney's fees violated § 1692f(1) of FDCPA); *Foster v. D.B.S. Collection Agency,* 463 F. Supp. 2d 783, 802 (S.D. Ohio 2006) (request for unlawful attorney's fees in a collection suit violated § 1692e(2) of the FDCPA).

original and Amended Cost Bill attempt to collect expenses incidental to Ms. Duvall's principal obligation and certainly relate to her underlying consumer debt.

Equally unfounded is PRA's assertion that the court system insulates creditors from the FDCPA. In 1995, the Supreme Court held that the FDCPA's protections extend to litigation activities.[59] More recently, in *McCullough v. Johnson, Rodenburg & Lauinger, LLC* (hereafter, "*McCullough*"), the Ninth Circuit held that a debt collection law firm violated the FDCPA by requesting unauthorized attorney's fees in its state court collection complaint.[60] Like PRA, the defendant in *McCullough* argued that "a request for attorney's fees in a prayer for relief of a complaint does not violate the FDCPA because the prayer for relief is directed at the court," citing to the same 1998 District of Massachusetts case upon which PRA relies.[61] Both the Montana District Court and the Ninth Circuit found this logic unpersuasive, as does this Court.[62]

PRA attempts to circumvent the Supreme Court and the Ninth Circuit's holdings by arguing that the FDCPA only applies to "pre-judgment" conduct, such as misrepresenting amounts in settlement offers, pleadings, or requests for admission.[63] PRA

---

[59] *Heintz v. Jenkins*, 514 U.S. 291, 297–299 (1995) (explaining that legislative history and plain language of FDCPA does not distinguish between "legal" activities to collect a debt and other "debt collection" activities).
[60] 637 F.3d 939, 949–950 (9th Cir. 2011).
[61] *McCollough v. Johnson, Rodenberg & Lauinger*, 587 F. Supp. 2d 1170, 1178 (D. Mont. 2008), *aff'd sub nom. McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011) (citing *Argentieri v. Fisher Landscapes, Inc.,* 15 F. Supp. 2d 55, 61–62 (D. Mass. 1998)).
[62] *See also Maronyan v. Fin. Credit Network, Inc.*, No. 2:15-cv-02953-SVW-AGR, 2017 WL 57835, at *4 (C.D. Cal. Jan. 3, 2017) (declining to follow *Argentieri* and its progeny in light of *McCullough*).
[63] Docket 8 at 9.

*Duvall v. Portfolio Recovery Associates, LLC*  Case No. 3:22-cv-00068-JMK
Order Denying Motion to Dismiss  Page 12
Case 3:22-cv-00068-JMK   Document 12   Filed 12/13/22   Page 12 of 14

argues that a post-judgment misrepresentation "cannot reasonably be said to involve an attempt to collect a debt, because the amount of the 'debt' and the defendant's liability therefore has already been conclusively established."[64] In short, PRA argues that, because it attempted to recover litigation costs after Ms. Duvall was found liable for the underlying debt, those communications fall outside the FDCPA.

The Court cannot locate this distinction in law. The statute does not differentiate between pre- and post-judgment debts or collection activity.[65] The Ninth Circuit's rationale in *McCullough* holds true regardless of whether the debt collector moved for unauthorized attorney's fees pre- or post-judgment—in either circumstance, the party pursued an unauthorized expense "incidental to the principal obligation."[66] To wit, multiple courts have applied the FDCPA to conduct that occurred post-judgment.[67] In support of its argument, PRA cites to an unpublished District of Arizona case holding that attorney's fees are not a "debt" within the meaning of the FDCPA.[68] Respectfully, this Court declines to follow this non-binding case as it runs afoul of the Ninth Circuit's holding

---

[64] *Id.*
[65] *See* 15 U.S.C. § 1692a(5) (defining debt as any obligation of a consumer that arises out of certain transactions "whether or not such obligation has been reduced to judgment"); 15 U.S.C. § 1692e(2)(B) (prohibiting false representation of any compensation which may be received for the collection of a debt); 15 U.S.C. § 1692f(1) (prohibiting the collection of any unauthorized amount incidental to principal obligation).
[66] 15 U.S.C. § 1692f(1); *see also* 15 U.S.C. § 1692e(2)(B).
[67] *See, e.g., Fox v. Citicorp Credit Servs.*, 15 F. 3d 1507, 1511–18 (9th Cir. 1994); *Aris v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F. 3d 128, 135–140 (2d Cir. 2017); *Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432, 447 (6th Cir. 2006) (affirming denial of judgment on the pleadings for FDCPA claim where counsel filed false affidavit after state court judgment was entered).
[68] *Zizlsperger v. Maxwell & Morgan, PC*, No. CV 11-01376-PHX-FJM, 2011 WL 5027034, at *2 (D. Ariz. Oct. 21, 2011) (citing *Argentieri v. Fisher Landscapes, Inc.*, 15 F. Supp. 2d 55, 61 (D. Mass. 1998)).

in *McCollough*.[69] Indeed, the Ninth Circuit did not endorse the District of Arizona's rationale, instead affirming its opinion on the ground that the attorney's fees were permitted by law.[70]

In sum, Ms. Duvall alleges facts that plausibly suggest a claim under § 1692e and § 1692f of the FDCPA: (1) PRA is a debt collector; (2) it misrepresented an expense Ms. Duvall owed for the collection of the debt; and (3) through such misrepresentation, it attempted to collect an amount unauthorized by law. PRA alludes that its "inadvertent error" and "prompt action correcting that mistake" protects it from liability,[71] but these are affirmative defenses for which PRA bears the burden of proof.[72] PRA does not adequately brief these defenses, nor do they reveal an "obvious bar to securing relief on the face of the complaint"; thus, Ms. Duvall's Complaint survives.[73]

## IV. CONCLUSION

None of PRA's arguments justify dismissal of Ms. Duvall's Complaint. Defendant's Motion to Dismiss at Docket 8 is DENIED.

IT IS SO ORDERED this 13th day of December, 2022, at Anchorage, Alaska.

                                                                           */s/ Joshua M. Kindred*
                                                                             JOSHUA M. KINDRED
                                                                       United States District Judge

---

[69] 637 F.3d 939, 950 (holding that debt collection firm violated the FDCPA by requesting unauthorized attorney's fees in its underlying state collection complaint).
[70] *Zizlsperger v. Maxwell & Morgan, PC*, 565 F. App'x 633, 636 (9th Cir. 2014).
[71] Docket 8 at 10.
[72] *Urbina v. Nat'l Bus. Factors Inc.*, 979 F.3d 758, 763 (9th Cir. 2020).
[73] *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

*Duvall v. Portfolio Recovery Associates, LLC*                                                                             Case No. 3:22-cv-00068-JMK
Order Denying Motion to Dismiss                                                                                       Page 14
Case 3:22-cv-00068-JMK    Document 12    Filed 12/13/22    Page 14 of 14